**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMOS WESTMORELAND, JR., | : | HABEAS CORPUS |
| GDC No. 1041629, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1315-TWT-ECS |
| GLEN JOHNSON, Warden, | : | |
|     Respondent. | : | |

<u>**FINAL REPORT AND RECOMMENDATION**</u>

This matter is before the Court on Amos Westmoreland, Jr.'s, "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" [Doc. No. 1], Glen Johnson's "Motion to Dismiss Petition as Untimely and for Lack of Exhaustion" [Doc. No. 11], Mr. Westmoreland's "Request to be Discharged to Avoid a Fundamental Miscarriage of Justice" [Doc. No. 16], Mr. Westmoreland's "Request for Documents in Writ Habeas Corpus Petition" [Doc. No. 19], and Mr. Westmoreland's "Motion for Certified Copy of Federal Writ of Habeas Corpus" [Doc. No. 21], as well as various responses and replies submitted by the parties. For the reasons set forth below, the undersigned **RECOMMENDS** that (1) Mr. Johnson's Motion to Dismiss be **GRANTED IN PART**, (2) Mr. Westmoreland's Petition be **DISMISSED AS UNTIMELY**, (3) Mr. Westmoreland's various other motions be **DENIED**, and (4) a Certificate of Appealability be **DENIED**.

"Amos Westmoreland and John Edgar Williams were jointly indicted, tried, and convicted of felony murder and various other crimes following a crime spree that resulted in the vehicular death of Barbara Turner." Westmoreland v. State, 699 S.E.2d 13, 16 (Ga. 2010). Mr. Westmoreland was "sentenced to life imprisonment for felony murder" and "a consecutive 15-year term for serious injury by motor vehicle, plus concurrent 12-month terms for the misdemeanor counts." Id. at 16 n.1. On appeal from the denial of a motion for new trial, the Supreme Court of Georgia affirmed. Id. at 17.

The Georgia Supreme Court denied Mr. Westmoreland's motion for reconsideration on July 26, 2010. Id. at 13. Mr. Westmoreland then allowed the ninety-day period he had to file petition for a writ of certiorari in the United States Supreme Court, see S. Ct. R. 13.1, to expire without filing a petition for writ of certiorari. Consequently, Mr. Westmoreland's conviction and sentence became "final" on October 25, 2010. See Gonzalez v. Thayer, 132 S. Ct. 641, 653-54 (2013); Clay v. United States, 537 U.S. 522, 527 (2003); 28 U.S.C. § 2244(d)(1)(A).

The Georgia Supreme Court has held that the "mailbox rule" does not apply to initial habeas petitions filed in state court by

2

pro se prisoners.[1]   See Roberts v. Cooper, 691 S.E.2d 875, 877 n.3
(Ga. 2010) (stating that "in Taylor v. Williams, 528 F.3d 847 (11th
Cir. 2008), the United States Court of Appeals for the Eleventh
Circuit concluded, incorrectly, that . . . this Court would apply
the [mailbox] rule" to initial state habeas petitions).  The record
in this case reflects that the state habeas court received and
docketed Mr. Westmoreland's initial habeas petition on October 28,
2010.  See [Doc. No. 12-2 at 1].  Thus, Mr. Westmoreland waited one
year and three days after his conviction became final before filing
his *state* habeas petition.

Federal law provides that a "1-year period of limitation shall
apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State Court."   28 U.S.C.
§ 2244(d)(1).  That limitation period runs from the latest of four
specified events.  Id.  In this case, as in most, the limitation
period began running on "the date on which the judgment became
final by the conclusion of direct review or the expiration of the
time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Although statutory tolling applies while "a properly filed
application for State post-conviction or other collateral review

---

[1] The federal mailbox rule provides that a habeas corpus
prisoner's pro se habeas petition will be deemed filed on the
date it is delivered to prison authorities for mailing. See
Taylor v. Williams, 528 F.3d 847, 849 n. 3 (11th Cir. 2008).

AO 72A
(Rev.8/82)

with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), such tolling must commence before the one-year federal limitations period expires.  "A state court filing after the federal habeas filing deadline does not revive it."  Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).  "[O]nce a deadline has expired, there is nothing left to toll."  Id.

As the discussion above makes clear, Mr. Westmoreland had until October 25, 2010, to file his state habeas petition in order to toll the one-year federal limitations period.  Because he did not file until October 28, 2010, the one-year limitations period expired without statutory tolling and could not be "revived."

Nothing in Mr. Westmoreland's filings suggests - let alone supports - the application of equitable tolling in this case. Equitable tolling "is an extraordinary remedy which is typically applied sparingly," Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002), and Mr. Westmoreland has not offered anything to show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis deleted).  Accordingly, it does not appear that Mr. Westmoreland is entitled to equitable tolling of any part of the one-year federal limitations period.

4

Nor does anything in Mr. Westmoreland's filings suggest - let alone support - a "convincing actual-innocence claim" that might entitle him to an "equitable <u>exception</u> to § 2244(d)(1)." <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1931 (2013) (emphasis in original). To the extent that Mr. Westmoreland argues that a fundamental miscarriage of justice occurred in his case, he premises that claim on arguments that his lawyers provided him with ineffective assistance and that they were laboring under conflicts of interest. <u>See</u> [Doc. No. 16 at <u>passim</u>].  Mr. Westmoreland makes no claim that he did not actually engage in the criminal conduct described in detail in the Georgia Supreme Court's decision affirming his conviction and sentence.

Because Mr. Westmoreland filed his federal habeas petition after the one-year limitations period under § 2244(d)(1) had expired - and because he is not entitled to statutory or equitable tolling of that period or to an equitable exception from the application of that limitations period - the undersigned **RECOMMENDS** that Mr. Johnson's Motion to Dismiss [Doc. No. 11] be **GRANTED IN PART** and that Mr. Westmoreland's Petition [Doc. No. 1] be **DISMISSED AS UNTIMELY**.

The undersigned further **RECOMMENDS** that each of Mr. Westmoreland's other motions [Doc. Nos. 16, 19, 21] be **DENIED**, because he is not entitled to be released from state custody, to

AO 72A
(Rev.8/82)

obtain additional free copies of material produced during his state habeas case, or to obtain an additional free copy of the federal Petition he filed in this Court.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition

6

states a valid claim of the denial of a constitutional right <u>and</u>
that jurists of reason would find it debatable whether the district
court was correct in its procedural ruling." (internal quotation
marks omitted)).  Mr. Westmoreland has not demonstrated that he is
entitled to federal habeas relief, that his petition is timely, or
that either issue is reasonably debatable.  Thus, he is not
entitled to a certificate of appealability in this case.

The Clerk is **DIRECTED** to terminate the referral of this case
to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of October, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMOS WESTMORELAND, JR., | : | HABEAS CORPUS |
| GDC No. 1041629, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1315-TWT-ECS |
| GLEN JOHNSON, Warden, | : | |
|     Respondent. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

   The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

   **SO ORDERED,** this 30th day of October, 2014.


                                    *S/ E. Clayton Scofield III*
                                    E. CLAYTON SCOFIELD III
                                    UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)